2017 ND 182

**In the MATTER OF the Application for DISCIPLINARY ACTION AGAINST John E. WIDDEL, a Member of the Bar of the State of North Dakota**

**Disciplinary Board of the Supreme Court of the State of North Dakota, Petitioner**

v.

**John E. Widdel, Respondent**

No. 20170204

Supreme Court of North Dakota.

Filed 7/25/2017

SUSPENSION ORDERED.

Per Curiam.

[¶1] The Court has before it a stipulation, consent to discipline and recommendations of the hearing panel. We accept the hearing panel's recommendation that John E. Widdel be suspended from the practice of law in North Dakota for six months and one day; that he abide by and make payments as required by the judgment in Grand Forks County Case No. 18-2011-PR-00144; and that he pay the costs and expenses of the disciplinary proceeding.

[¶2] Widdel was admitted to practice law in North Dakota on July 21, 1971. He has been licensed since that time. Widdel retired since the occurrence of the facts in this disciplinary action, and he stipulated

that he will not seek to practice law in North Dakota in the future.

[¶3] Widdel was served a summons and petition for discipline on April 19, 2016. On May 11, 2016, Widdel filed a response to the petition. Disciplinary Counsel and Widdel entered into a stipulation and consent to discipline. On October 5, 2016, a hearing panel of the Disciplinary Board filed a stipulation, consent to discipline, and recommendations with this Court. On December 14, 2017, we rejected the stipulation, consent to discipline and recommendations and remanded the matter to the Disciplinary Board for appropriate further action. On May 26, 2017, the hearing panel filed the stipulation, consent to discipline, and recommendations before us.

[¶4] Widdel stipulated to the following facts and conclusions. Widdel was hired to represent a trust and estate, and he provided legal services to both simultaneously. Widdel was paid $103,000 during the course of his representation. After the beneficiaries moved the district court to determine the reasonableness of the fees, the court ordered Widdel to refund $95,000 to the trust and estate.

[¶5] Widdel knowingly failed to file a tax return for 2013 as directed by the personal representative of the estate. The failure to do so reduced the assets of the trust and estate by approximately $13,000. Widdel failed to timely file an inventory for the estate as required by N.D.C.C. § 30.1-18-06. Widdel also failed to adequately represent and supervise the personal representative of the estate, which resulted in extensive and costly litigation.

[¶6] The hearing panel and Widdel agreed he violated N.D.R. Prof. Conduct 1.1, Competence, by failing to properly conduct and manage the representation of the estate and trust with the requisite skill, including failures in supervising the activities of the personal representative to ensure the fiduciary duties of the personal representative to the beneficiaries were fulfilled; N.D.R. Prof. Conduct Rule 1.3, Diligence, by failing to timely file a tax return for 2013 which resulted in injury to his client and by failing to timely file an inventory in the estate; and N.D.R. Prof. Conduct Rule 1.5, Fees, by charging unreasonable fees when he billed $103,000 for services rendered during his representation.

[¶7] After considering the aggravating and mitigating factors under the N.D. Stds. Imposing Lawyer Sanctions, the hearing panel and Widdel agreed Widdel be suspended from the practice of law in North Dakota for six months and one day; that he abide by and make payments as required by the judgment in Grand Forks County Case No. 18-2011-PR-00144; and that he pay the costs and expenses of the disciplinary proceeding.

[¶8] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the stipulation, consent to discipline and recommendations by the hearing panel were due within 20 days of the service of the report of the hearing panel. No objections were received. The Court considered the matter, and

[¶9] **ORDERED**, that the stipulation, consent to discipline, and recommendations by the hearing panel are accepted.

[¶10] **IT IS FURTHER ORDERED**, that John E. Widdel is suspended from the practice of law for six months and one day, effective immediately.

[¶11] **IT IS FURTHER ORDERED**, that Widdel abide by and make payments as required by the judgment in Grand Forks County Case No. 18-2011-PR-00144.

[¶12] **IT IS FURTHER ORDERED**, that Widdel pay the costs and expenses of

these disciplinary proceedings in the amount of $250, payable to the Secretary of the Disciplinary Board, 300 East Boulevard Avenue, Bismarck, North Dakota, 58505-0530, within 30 days of entry of judgment.

[¶13] **IT IS FURTHER ORDERED,** that for any amounts already paid by the North Dakota Client Protection Fund on Widdel's behalf, he make restitution within 90 days of entry of the judgment in this matter. For any amounts relating to this matter paid in the future by the North Dakota Client Protection Fund, Widdel make restitution to the Fund within 90 days of receiving notice payment was made.

[¶14] **IT IS FURTHER ORDERED,** that Widdel must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶15] **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶16] Gerald W. VandeWalle, C.J.

Daniel J. Crothers

Carol Ronning Kapsner

Jerod E. Tufte

Lisa Fair McEvers